UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DENIS VALENTINOVICH KAMYSHEV**<br><br>*Plaintiff*,<br><br>v.<br><br>**THE UNITED STATES DEPARTMENT OF THE TREASURY**,<br>  1500 Pennsylvania Avenue, N.W.,<br>  Washington, DC 20220,<br><br>and<br><br>**OFFICE OF FOREIGN ASSETS CONTROL**,<br>  1500 Pennsylvania Avenue, N.W.-Annex,<br>  Washington, D.C. 20220;<br><br>*Defendants*. | Case No. |

## COMPLAINT FOR INJUNCTIVE RELIEF

Petitioner Denis Valentinovich Kamyshev[1] ("Plaintiff") brings this complaint ("Complaint") for injunctive relief against the United States Department of the Treasury ("Treasury") and its Office of Foreign Assets Control ("OFAC") (collectively, the "Defendants"). In support of this Complaint, Plaintiff, by and through undersigned counsel, alleges as follows:

---

[1] Plaintiff has omitted his address and is simultaneously filing under seal a notice containing his full address pursuant to LCvR 5.1.

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking injunctive and other appropriate relief to compel the disclosure and release of agency records wrongfully withheld from Plaintiff by Defendants.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). Additionally, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

3. Venue is proper in the District of Columbia, as this is the district where the events giving rise to the Complaint occurred and where Defendants reside. *See* 28 U.S.C. §§ 1391(b) and (e). Venue also lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

**THE PARTIES**

4. Plaintiff Denis Valentinovich Kamyshev, a natural person, is a Russian citizen who resides in Finland.

5. Defendant Treasury is a cabinet-level governmental department led by the Secretary of the Treasury that manages federal finances, and enforces finance and tax laws. It is located at 1500 Pennsylvania Avenue, N.W., Washington, D.C. 20220.

6. Defendant OFAC is a federal administrative agency of the U.S. Department of Treasury. It is responsible for administering U.S. economic sanctions programs. It is located at 1500 Pennsylvania Avenue, N.W.-Annex, Washington, D.C. 20220.

7. Defendants are a part of the Executive Branch of the United States Government and agencies within the meaning of 5 U.S.C. § 552(f)(1).

## FACTUAL ALLEGATIONS

8. On March 12, 2024, Plaintiff, by and through previous counsel, Akrivis Law Group, PLLC, submitted a FOIA request to Defendants under the provisions of 5 U.S.C. § 552 and 31 C.F.R. Part 1, seeking records related to his designation to the Specially Designated Nationals and Blocked Persons List (the "SDN List"), including the following specific documents: (1) the formal Evidentiary Memorandum for Plaintiff's designation to the SDN List, (2) unclassified reports and analyses related to Plaintiff, (3) internal and external correspondence, including emails and memos, related to Plaintiff, and (4) minutes or summaries of meetings where Plaintiff's designation was discussed or decided (the "First FOIA Request").

9. The SDN List is maintained by the Defendant OFAC.

10. On March 13, 2024, Plaintiff, likewise by and through previous counsel, filed a request with Defendant OFAC for documents and information underlying OFAC's designation of him (the "Administrative Record Request").

11. On March 18, 2024, Plaintiff, by and through previous counsel, received a letter from the Defendant OFAC, stating that the First FOIA Request has been filed and assigned a case number, No. 2024-OFP-00013.

12. On February 5, 2025, Defendant OFAC provided a response to the Administrative Record Request in the form of a courtesy document, which consisted of a redacted list of exhibits.

13. On March 7, 2025, Plaintiff, by and through undersigned counsel, submitted a second FOIA request to Defendant Treasury, seeking the complete administrative record in the possession of OFAC which formed the basis for Defendant OFAC's agency actions on Plaintiff's administrative reconsideration request. (the "Second FOIA Request" and together with the First FOIA Request, "FOIA Requests).

3

14. On March 24, 2025, Plaintiff, by and through undersigned counsel, received an acknowledgement letter from the Department of the Treasury's Information Disclosure Services Division, stating that the Second FOIA Request has been filed and assigned a case number, No. 2025-OF-00096. The letter further represented that Defendant Treasury had referred this matter to OFAC for processing on March 20, 2025, and invoked a 10-day extension to respond.

15. Under 5 U.S.C. § 552(a)(6)(A)(i) and 31 C.F.R. § 1.4(c), agencies have twenty (20) working days to respond to a FOIA request. Federal agencies may, whenever the statutory time limit for processing a FOIA request cannot be met due to "unusual circumstances," extend the deadline by additional ten (10) working days.

16. Plaintiff's First FOIA Request was submitted on March 12, 2024. More than 454 days have passed since the filing of his First FOIA Request.

17. Plaintiff's Second FOIA Request was submitted on March 7, 2025. The Defendants' March 24, 2025 letter invoked a 10-day extension for the request, making the deadline April 18, 2025. More than 52 days have passed since that deadline.

18. As of the filing of this Complaint, Plaintiff has not received documents responsive to his FOIA Requests from Defendants.

## CLAIMS FOR RELIEF

### COUNT I

FAILURE OF DEFENDANTS TO RESPOND TIMELY TO PLAINTIFF'S REQUESTS FOR RECORDS UNDER THE FREEDOM OF INFORMATION ACT

19. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in all preceding paragraphs.

20. By and through his March 12, 2024 and March 7, 2025 submissions, Plaintiff requested that Defendants produce non-exempt records under FOIA.

21. Defendants have failed to timely respond to Plaintiff's FOIA Requests in accordance with the statutory timeline prescribed under 5 U.S.C. § 552(a)(6)(A)(i) and 31 C.F.R. § 1.4(c) and are wrongfully withholding the requested documents from Plaintiff.

22. As such, Plaintiff seeks to compel the production of documents sought in his FOIA Requests.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendants to disclose the requested records in their entirety and make copies available to Plaintiff;

B. Order Defendants to produce *Vaughn* indices for any documents withheld fully or in part;

C. Award Plaintiff attorneys' costs and reasonable attorneys' fees incurred in this action per 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412(d); and

D. Grant such other relief as this Court may deem just and proper.

Dated:   June 10, 2025

Respectfully submitted,

STEPTOE LLP

Jason D. Wright
DC Bar #1029983
1114 Avenue of the Americas
New York, NY 10036
Tel:  +1 212-508-8844
E-mail: jwright@steptoe.com
*Counsel for Plaintiff*